LOTTINGER, Judge.
This is an action by plaintiff, Valley Mills, on open account for merchandise sold to defendant, Warren Daniels doing business as Southern Grain. Defendant filed a reconventional demand to rescind the sale, receive return of the purchase price, and also for damages to defendant’s business reputation. The Trial Court rendered judgment in favor of plaintiff as prayed for in the amount of $2,570.81, together with legal interest thereon, dismissed the reconventional demand, and ordered defendant to pay all costs. From this judgment defendant has appealed.
Plaintiff manufactured animal feeds, and defendant, who had a retail business in Sli-dell, Louisiana, had purchased plaintiff’s products regularly for sale at retail for a few years prior to and through the time of the sale which is in dispute. According to defendant, he received numerous complaints as to the quality of the feed received from plaintiff near the end of 1973 and early part of 1974 necessitating the making of refunds and destroying of some of the feed sold to him by plaintiff. As a result, defendant refused payment of its account with plaintiff precipitating the present suit.
In oral reasons for judgment, the Trial Judge found that plaintiff proved its case at which point the burden shifted to the defendant to prove his special defense and reconventional demand. The Trial Judge stated that he had too many questions in his mind as to the quality of the feed, and therefore, he held that the defendant and plaintiff in reconvention did not carry his burden of proof in order to establish his claim by a preponderance of the evidence.
For the most part the feed involved was a horse feed named “Grand Champ” and *102 also oats used as horse feed, all being sold in fifty pound bags. Specifically, the defendant testified that he had to exchange bags of plaintiff’s product with other feed for customers who were dissatisfied as to quality. It appears that the feed defendant gave his customers in exchange was also plaintiff’s product. Defendant also testified that he had destroyed sacks of plaintiff’s product because it was infested with weevils which he did not want to get into his other feed. There was no testimony as to exactly how much of the feed was exchanged or destroyed.
In addition to the defendant’s testimony, four of defendant’s former customers testified that they had returned plaintiff’s product to defendant in exchange for more feed or for refunds. They testified that the feed was inferior to that they had been buying from defendant under the trade name used by plaintiff and that the complained of product was dusty, musky smelling, contained leaves and small sticks, and that their horses would not eat it.
While there is uncontroverted testimony that defendant’s customers returned plaintiff’s product to defendant, there is no evidence as to the quantity of feed returned. Further, witnesses testified that they have stopped doing business with defendant, but there is no evidence as to the amount of net profit defendant had derived from their business in the past or might have reasonably expected to derive in the future. We find no error in the conclusion of the Trial Judge that the evidence presented to him was insufficient for him to arrive at an amount that could be awarded for defective product or for loss of business. Canter v. Koehring Company, La., 283 So.2d 716 (1973), rehearing denied (1973).
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed, defendant and plaintiff in recon-vention to pay all costs.
AFFIRMED.